UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWNA ROBBINS, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLUEHIPPO FUNDING, LLC, a Maryland corporation, and BLUEHIPPO CAPITAL, LLC, a Nevada corporation,<br><br>　　　　Defendants. | Case No. 07-CV-145-TCK-TLW |

**PLAINTIFF'S MOTION AND BRIEF TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW the Plaintiff Shawna Robbins ("Plaintiff") and moves this Court for an order enforcing a mediated settlement agreement reached by the parties to this action. In support of this Motion, Plaintiff states as follows:

### I.　Acknowledgement of Settlement

1.　On or around December 15, 2008, Oliver Howard, serving as an adjunct settlement judge (the "Adjunct Settlement Judge") submitted a report to Magistrate Judge Paul J. Cleary announcing that the parties had reached a settlement. As a result, on December 18, 2008, Magistrate Judge Paul J. Cleary filed a Settlement Conference Report [Dkt. No. 54] announcing that the parties had reached a settlement. No one, particularly the Defendants, took issue with this announcement.

2.　On February 24, 2009, a conference on the status of the settlement was conducted before Magistrate Judge Paul J. Cleary. At that conference, Defendants' counsel and Plaintiff's counsel both acknowledged to the Court that a settlement had

1

been reached. In fact, Defendants' counsel acknowledged to Plaintiff's counsel, on several occasions, that a settlement was reached between the parties.

3. On March 5, 2009, without any prior notification, Defendants' counsel circulated a letter from Defendant BlueHippo repudiating, for the first time, the settlement that had been reached between the parties.

4. BlueHippo's latest gambit to wrongfully delay and further procrastinate should not be countenanced by the Court. The settlement negotiations in this case have dragged on for over 14 months until an agreement was reached on December 15, 2008. All participants in the settlement process acknowledged that an agreement had been reached, as evidenced by the Settlement Conference Report filed on December 18, 2008 (never contested by Defendants); by Defendants' counsel's statements to Judge Cleary; as well as Defendants' counsel's statements to Plaintiff's counsel.

## II.   Background

5. Plaintiff filed the present class action on January 23, 2007 against Defendants BlueHippo Finding, LLC and BlueHippo Capital, LLC (collectively "BlueHippo" or "Defendants"). Plaintiff alleged that Defendants violated various consumer protection statutes due to its business practices of debiting consumer's bank accounts without authorization and failing to deliver the product purchased.

6. On January 25, 2008, the parties to this case participated in the first of several agreed mediations before the Adjunct Settlement Judge. At that mediation, Defendants expressed a desire to engage in negotiations which would result in a nation-wide class action settlement. The parties agreed to suspend the mediation in order to exchange settlement proposals.

7. On February 5, 2008, Plaintiffs submitted a letter to Defense counsel containing an initial settlement proposal consisting of: 1) identification of class members, 2) proposed relief to the class, and 3) various corporate changes.

8. On April 1, 2008, the parties met in person in Dallas, Texas in an attempt to resolve the litigation. The parties engaged in a substantive discussion on the terms by which a settlement could be reached.

9. Over the intervening months, the parties engaged in back and forth negotiations, and eventually agreed upon the major terms of a settlement agreement, with a few minor issues to be resolved.

10. Throughout this time, the parties maintained contact with the Adjunct Settlement Judge and kept him advised of the progress of the negotiations.

11. On December 15, 2008, the parties again met with the Adjunct Settlement Judge to resolve the remaining issues. In attendance were Andrew Campbell, General Counsel for BlueHippo, as well as its attorneys and attorneys for the Plaintiff.[1] During this settlement conference, the remaining issues were resolved, and Plaintiff's counsel left the conference with the understanding that the parties had reached a full and final settlement of all remaining issues. Plaintiff's counsel have confirmed with Defendants' counsel that they too believed a settlement had been reached. In fact, it was counsel for the Defendants who circulated the Stipulation of Settlement incorporating the agreements reached at the December 15, 2008 conference.

12. On December 18, 2008, Judge Paul J. Cleary filed a Settlement Conference Report [Dkt. No. 54] stating that "[p]er the advice of Adjunct Settlement

---

[1] Corey Dukelow, co-counsel for Plaintiff, appeared in person. William B. Federman, also co-counsel for Plaintiff, appeared via telephone.

Judge Oliver S. Howard, the parties have reached settlement subject to the Court's approval of the terms of the settlement." As of the date of filing of this Motion, neither party has filed any pleading to correct or object to the filed Settlement Conference Report.

13. On February 24, 2009, counsel for the parties attended a conference call requested by Magistrate Judge Paul J. Cleary to ascertain why the appropriate papers to approve the settlement had not been filed. Counsel for Defendants stated that an agreement had been reached, and represented that they were concerned that the proposed class representatives for one of the two subclasses may not withstand objection or Court scrutiny because of some unknown, perceived deficiencies. Magistrate Judge Cleary ordered the Defendants to provide Plaintiff's counsel with a list of all Class Members by March 6, 2009.

14. On March 2, 3009, counsel for Plaintiff provided defense counsel with a list of individuals who Plaintiff believes are suitable representatives for the proposed subclass at issue. Defendants did not respond.

15. On March 6, 2009, at approximately 3:10 p.m., counsel for Defendants sent Plaintiff's counsel a list of Class Members who reside in Oklahoma.

16. At the end of the day on March 6, 2009, at approximately 5:04 p.m., counsel for Defendants circulated a letter drafted by the General Counsel for BlueHippo attempting to repudiate the settlement. See, letter attached hereto as Exhibit "A." The March 6, 2009 letter states Defendants' position, that no settlement had been reached.

17. On March 9, 2009 during a subsequent conference call conducted by Magistrate Judge Paul J. Cleary with counsel for all parties, Adjunct Settlement Judge

4

Oliver S. Howard represented to the Court that the parties had reached a settlement of this action on December 15, 2008.

18. In January 2009, the parties circulated a final Stipulation of Settlement (see, Exhibit "B," attached hereto); however, as of the date of this Motion, Defendants have not signed same.

19. Plaintiff has engaged in prolonged good faith efforts to reach a final settlement of the issues that would allow joint submission of the settlement agreement to this Court for approval. However, in response to these efforts, Counsel for Defendants have failed to sign the Stipulation of Settlement, and failed to respond to Plaintiff's numerous requests for information as to when the Stipulation of Settlement would be signed. Thus, Defendants have refused to cooperate in the joint submission to this Court of the settlement agreement reached through mediation before the Adjunct Settlement Judge.

20. Plaintiff can no longer justify her own good faith efforts, and risk further delays of this action, in the face of Defendants' refusal to cooperate or sign the Stipulation of Settlement and now Defendants' belated attempts to repudiate the settlement. Therefore, Plaintiff requests that this Court enter an Order finding that a valid settlement agreement was reached by the parties at mediation and/or thereafter. Plaintiff further requests that the Court order Defendants to participate in the submission of documents to this Court that will allow the Court to begin fairness proceedings for approval of the settlement.

### III.     Argument and Authorities

A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir. 1993). If there is a dispute as to whether the parties validly entered into a settlement agreement, an evidentiary hearing is required. *Id.* at 1496-1497. Issues involving the enforceability of a settlement agreement are resolved by applying state law. *Rogler v. Standard Ins. Co.,* 30 Fed. Appx. 909, 2002 WL 307731 (10th Cir. (Kn.) 2002) (not selected for publication in the Federal Reporter). *See United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir. 2000). Under Oklahoma law, settlement agreements are generally favored and will be enforced absent fraud, duress, undue influence or mistake. *Russell v. Board of County Commissioners of Carter County,* 1 P.3d 442 (Okla. Civ. App. 2000).

### IV.     Conclusion

In reliance upon representations of BlueHippo and Defendants' counsel, Plaintiffs negotiated, in good faith, a binding settlement of the present matter via mediation. Plaintiff subsequently drafted and circulated a Stipulation of Settlement, again in reliance upon Defendants' counsel's representations that such would result in the parties' ability to present the settlement to the Court. Plaintiff requests that this Court compel Defendants to honor the terms of the binding settlement agreement reached by their counsel on their behalf. Therefore, Plaintiff requests that this Court enter an order finding that a valid settlement agreement was reached by the parties. Plaintiff further requests that the Court order Defendants to timely participate in the submission of documents to this Court that will allow the Court to begin fairness proceedings for

approval of the settlement within ten (10) days of entering such Order. Finally, Plaintiff requests that she be awarded her attorneys fees and costs associated with the filing of this Motion.

Dated: March 9, 2009               Respectfully submitted,

                By:   s/William B. Federman
                William B. Federman, OBA No. 2853
                Jennifer F. Sherrill, OBA No. 19703
                **FEDERMAN & SHERWOOD**
                10205 N. Pennsylvania
                Oklahoma City, OK  73120
                405-235-1560
                405-239-2112 (Facsimile)
                wfederman@aol.com
                jfs@federmanlaw.com

                Cornelius P. Dukelow, OBA No. 19086
                **ABINGTON INTELLECTUAL**
                **PROPERTY LAW GROUP, PC**
                10026-A S. Mingo Road, No. 240
                Tulsa, Oklahoma 74133-5700
                918.588.3400 (*telephone*)
                cdukelow@abingtonlaw.com

                *Attorneys for Plaintiff, Shawna Robbins*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    John N. Hermes
    Tamara Pullin
    McAfee & Taft A Professional Corporation
    10th Floor, Two Leadership Square
    211 North Robinson
    Oklahoma City, OK  73102

                                                s/William B. Federman
                                                William B. Federman

I:\BlueHippo\Pleadings-FederalCourt\MotionEnforceSettlement.doc