**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAWNA ROBBINS, an individual, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>BLUEHIPPO FUNDING, LLC, a Maryland corporation, and BLUEHIPPO CAPITAL, LLC, a Nevada corporation,<br><br>   Defendants. | Case No. 07-CV-145-TCK-TLW |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Shawna Robbins ("Plaintiff") files this Response to Defendants' Objection to Magistrate Wilson's Report and Recommendation on Plaintiff's Motion to Enforce Settlement Agreement (the "Report and Recommendation").

On September 25, 2009, Magistrate Judge Wilson issued his Report and Recommendation, recommending that Plaintiff's Motion to Enforce Settlement Agreement be granted and identifying the final settlement agreement between the parties. Now, despite earlier wanting to withdraw from this case citing Defendants' non-responsiveness, counsel for BlueHippo filed an Objection to the Report and Recommendation. Defendants are grasping at straws. Plaintiff respectfully requests that Magistrate Judge Wilson's Report and Recommendation be adopted by the Court.

1

### A. All Evidence Shows the Parties Came to an Agreement on all Material Terms of a Final Settlement Agreement

"A judge of the court may reconsider any pretrial matter [] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[1] Defendants have made no such showing.

Defendants' position is that there was never an agreement on material terms between the parties. Defendants base this position on four arguments: (1) that the parties had not reached an agreement on how to handle claims in a Northern District of California case; (2) that the parties had not agreed on how to handle the filing of an Amended Complaint; (3) that the parties had not agreed on who would make suitable class representatives; and (4) that Defendant required an agreeable Amended Complaint and a substantive motion before agreeing to approve the Stipulation.

Defendants argue that the parties had not reached an agreement on how to handle similar claims made in a class case pending in the Northern District of California. They base this argument on an e-mail from Tamara Pullin to Jennifer F. Sherrill dated January 20, 2009 (Defs. Doc. 75-2). In that e-mail, Ms. Pullin states that she has attached a "revised stipulation incorporating language on page 15 regarding settlement of the other pending class action." This "other pending class action" is the Northern District of California action. The language that was inserted was that "[n]o Class Member shall be entitled to receive a Refund or Store Credit pursuant to this Settlement Agreement if said Class Member is eligible to participate in the settlement of any other class action currently pending against BlueHippo." In response to that request, Ms. Sherrill stated "We are okay with that insert." (Exhibit 11 to Hearing on Motion to

---

[1] 28 U.S.C. § 636(b)(1).

Enforce Settlement Agreement, e-mail from Jennifer F. Sherrill to Tamara Pullin dated January 22, 2009, 11:30 a.m.) Contrary to Defendants' assertion, the parties came to a full agreement on how to handle claims in other actions.

Defendants' second argument is that the parties had not agreed on how to handle the filing of an Amended Complaint. Defendant refers to an e-mail (Defs. Doc. 75-3) from Ms. Pullin saying that Defendants would only agree to a conditional amended complaint if the settlement were approved. Again, in response, Ms. Sherrill (referencing a phone conversation) sent a revised stipulation. (see Hearing Exhibit 13, e-mail from Jennifer F. Sherrill to Tamara Pullin dated January 26, 2009, 1:13 p.m.) The attached stipulation included language that Defendants agree to the filing of an Amended Complaint "conditioned only upon the Court's approving this Settlement Agreement." Again, far from disagreeing about the issue of the filing of an Amended Complaint, it is clear that the Parties came to a full agreement.

Defendants' third argument is that the parties did not agree on who would make suitable class representatives. On January 26, 2009, Defendants identified individuals, selected from Plaintiff's counsel's clients, they thought would make suitable class representatives. (Defs. Doc. 75-3.) Based on this representation, Plaintiffs chose class representatives from this list. On February 24, 2009, counsel for the parties attended a conference call requested by Magistrate Judge Paul J. Cleary to ascertain why the appropriate papers to approve the settlement had not been filed. Magistrate Judge Cleary ordered the Defendants to provide Plaintiff's counsel with a list of all Class Members by March 6, 2009. Subsequently, on March 2, 3009, counsel for Plaintiff provided defense counsel with a list of individuals who Plaintiff believed were suitable

3

representatives for the proposed subclass at issue. As a delaying tactic, it became clear that, as Plaintiffs' counsel identified new, potential class representatives, Defendants would find some perceived deficiency with them, until such time as Defendants stopped communications altogether.

Further, Defendants argue that no agreement was reached because Plaintiff's counsel used different individuals in a proposed Amended Complaint.[2] Defendants seem to be implying that Plaintiff is admitting to a deficiency in the individuals chosen as class representatives for the Settlement Agreement because different individuals were used in the Amended Complaint. This is not the case – Plaintiff is not in any way implying that there are deficiencies in any of the individuals proposed as class representatives. Plaintiff is seeking leave to file an Amended Complaint so that the action can move forward should the Motion to Enforce Settlement be denied. Since the two motions were pending simultaneously, Plaintiff's counsel chose to use different individuals as potential class representatives.

Finally, Defendants argue that they required an agreeable Amended Complaint and a substantive motion before agreeing to approve the Stipulation. However, this caveat appeared, for the first time, in Defendants' March 6, 2009 letter in which Defendants, for the first time, took the position that they were *not* going to sign the Stipulation. It is unclear how Plaintiff should have known that this issue was so important to the Defendants, since it had never been raised before that time.

Furthermore, Plaintiff had submitted a proposed draft of an amended complaint to Defense counsel. (See, Hearing Exhibit 14, e-mail from Jennifer F. Sherrill to

---

[2] Plaintiff filed a Motion for Leave to File Amended Complaint on April 22, 2009. [Dkt. 63] That motion is still pending.

4

Tamara Pullin dated February 4, 2009, 3:16 p.m.) Further, Plaintiff's counsel submitted to Defendants a proposed schedule by which the parties would file a Motion for Preliminary Approval, schedule a hearing, mail the requisite notice to putative class members, complete confirmatory discovery, and set a final approval hearing. (See, Hearing Exhibit 9, e-mail from Jennifer F. Sherrill to John Hermes and Tamara Pullin dated December 23, 2008, 4:41 p.m.)

### B.    The Parties Reached a Final Agreement, Which Should Be Enforced

It is Plaintiff's position that a final agreement was reached between the parties. Therefore, Plaintiff need not address Defendants' arguments that the Court cannot enforce the settlement agreement. However, Plaintiff does want to comment on two additional arguments raised by Defendants.

Defendants argue that enforcing an unsigned settlement agreement would create uncertainty among the settlement class members. However, the point of the Motion to Enforce would be that Defendants will, in effect, be estopped from objecting to the settlement or interfering with the procedures to have the settlement approved.

Defendants next argue that Plaintiff's counsel did not have the proposed class representatives as clients at the time the settlement was reached. Defendants have no knowledge of the communications between counsel and the clients and do not know at what time the attorney-client relationship began; should not presume to have any such knowledge; and such allegation is of no moment since the clients are clearly in existence and are willing to serve in a representative capacity.

### C.     Exhibit 14 Represents the Final Settlement of the Parties

Finally, in section C of the Objection, Defendants argue that the inclusion of Shawna Robbins as a class representative was improper and a valid basis for not moving forward with the settlement agreement. However, Shawna Robbins, as the named Plaintiff must, by procedural necessity, be included in the settlement papers. Thus, Defendants' argument is, again, misplaced.

## CONCLUSION

BlueHippo has made no showing that Magistrate Judge Wilson's Report and Recommendation is clearly erroneous or contrary to law. In reliance upon representations of BlueHippo and Defendants' counsel, Plaintiffs negotiated, in good faith, a binding settlement of the present matter via mediation. Plaintiff subsequently drafted and circulated a Stipulation of Settlement, again in reliance upon Defendants' counsel's representations that such would result in the parties' ability to present the settlement to the Court. Plaintiff requests that this Court adopt the Report and Recommendations of Magistrate Judge Wilson and compel Defendants to honor the terms of the binding settlement agreement reached by their counsel on their behalf. Therefore, Plaintiff requests that this Court enter an order finding that a valid settlement agreement was reached by the parties. Plaintiff further requests that the Court order Defendants to timely participate in the submission of documents to this Court that will allow the Court to begin fairness proceedings for approval of the settlement within ten (10) days of entering such Order. Finally, Plaintiff requests that she be awarded her attorneys fees and costs associated with the filing of the Motion to Enforce.

Dated: October 15, 2009                Respectfully submitted,

By:   s/William B. Federman
William B. Federman, OBA No. 2853
Jennifer F. Sherrill, OBA No. 19703
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania
Oklahoma City, OK  73120
405-235-1560
405-239-2112 (Facsimile)
wbf@federmanlaw.com
jfs@federmanlaw.com

Cornelius P. Dukelow, OBA No. 19086
**ABINGTON INTELLECTUAL
PROPERTY LAW GROUP, PC**
10026-A S. Mingo Road, No. 240
Tulsa, Oklahoma 74133-5700
918.588.3400 (*telephone*)
cdukelow@abingtonlaw.com

*Attorneys for Plaintiff, Shawna Robbins*

Case 4:07-cv-00145-TCK-TLW   Document 100   Filed in USDC ND/OK on 10/15/2009   Page 7 of 8

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>John N. Hermes
>Tamara Pullin
>McAfee & Taft A Professional Corporation
>10th Floor, Two Leadership Square
>211 North Robinson
>Oklahoma City, OK  73102

                                                           s/William B. Federman
                                                           William B. Federman

I:\BlueHippo\Pleadings-FederalCourt\ResponseObjectionMagistrateReport.docx