IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWNA ROBBINS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLUEHIPPO FUNDING, LLC, a Maryland corporation, and BLUEHIPPO CAPITAL, LLC, a Nevada corporation,<br><br>Defendants. | **Case No. 07-cv-145-TCK-TLW** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Pursuant to Local Civil Rule 7.2(h), Defendants BlueHippo Funding, LLC and BlueHippo Capital, LLC (collectively, "BlueHippo") submit the following Reply in Support of Their Objection to the Magistrate Judge's Report and Recommendations in order to clarify two misstatements contained in Plaintiff's Response brief:

**A.     A *De Novo* Standard of Review Should Be Used**

Plaintiff incorrectly asserts that the Court should apply a "clearly erroneous" standard of review under Fed. R. Civ. P. 72(a) to BlueHippo's Objection to the Magistrate Judge's Report and Recommendations. Rather, the Court should apply a *de novo* standard of review for two reasons.

First, the "clearly erroneous" standard in Rule 72(a) applies only to objections to a magistrate judge's "order." Rule 72(b), which requires a *de novo* review, applies to a magistrate judge's report and recommendations, whether dispositive or not. See, e.g., Mullins v. Hinkle, 953 F. Supp. 744, 746 n.1 (S.D. W. Va. 1997) ("A 'clearly erroneous or contrary to law'

standard of review applies to Magistrate Judge's orders on nondispositive matters. Magistrate Judge Feinberg did not enter an order, but entered Findings and a Recommendation to remand. Therefore, the Court is satisfied that *de novo* review is appropriate in this instance. It does not need to address the question of whether a motion to remand is dispositive or nondispositive."); see also Gell v. Town of Aulander, 2009 WL 166379, at *4 (E.D.N.C. Jan. 22, 2009) (adopting the analysis of Mullins for determining when *de novo* review is appropriate). Thus, regardless of how dispositive the ruling under consideration is, because the Court is considering objections to a magistrate judge's *report and recommendations*, and not a magistrate judge's *order*, the Court must apply a *de novo* standard of review.

Second, a *de novo* standard of review should be employed because the Magistrate Judge's Report and Recommendation is dispositive. As numerous courts have recognized, "because an order enforcing a settlement is dispositive, the Court must make a de novo determination of those portions to which objection is made." Medpointe Healthcare, Inc. v. Kozachuk, 2009 WL 1662226, at * 1 (D.N.J. June 15, 2009); see also Witherspoon v. Austin, 1995 WL 307555, at *2 (10th Cir. May 11, 1995) (holding district court erred in not conducting *de novo* review of objection because plaintiff "did clearly object to the magistrate judge's factual finding that there was a meeting of the minds between the parties at the time the oral settlement was entered into the record"); Boskoff v. Yano, 217 F. Supp. 1077, 1084 n.4 (D. Hawaii 2007) ("The Court will construe Magistrate Chang's Order regarding the Settlement Agreement as a finding and recommendation and apply the de novo standard in its review."); Hamad v. Busch Entm't Corp., 2006 WL 2666116, at *3 (M.D. Fla. Sept. 15, 2006) ("Since the enforcement of a conditional settlement is excepted from § 636(b)(1)(A), it is dispositive and a R & R submitted by a Magistrate Judge is subject to *de novo review* by the district judge."); Engineered Data Prods.,

Inc. v. Art Style Printing, Inc., 71 F. Supp. 2d 1073, 1077-78 (D. Colo. 1999) ("Because the motion to enforce settlement was of the nature of a dispositive motion, I treat the Order as a recommendation on a dispositive motion and pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), I review *de novo* those portions of the Order to which EDP has objected.").

Accordingly, the Court should apply *de novo* standard, rather than a "clearly erroneous standard," when considering BlueHippo's Objection to the Magistrate Judge's Report and Recommendations.

**B.     Plaintiff's Arguments Demonstrate No Final Agreement Was Reached**

In her Response, Plaintiff asserts that an agreement was reached by the parties on all material terms of the purported settlement agreement. However, Plaintiff's own version of the events and the relevant evidence demonstrate that this is not true. According to Plaintiff, on January 26, 2009, BlueHippo's counsel sent a list of potential class members to Plaintiff. BlueHippo's counsel expressly noted:

> *I am awaiting confirmation from my client*, but based on the list of proposed class reps that you sent quite some time ago, *I think BlueHippo would agree*--for settlement purposes only--that the following *could* make adequate class reps:

(See Doc. 75-3, E-mail from Tamara Pullin to Jennifer F. Sherrill, dated January 26, 2009, 10:00 a.m. (emphasis added)). Thus, BlueHippo's counsel made it very clear that BlueHippo had not yet committed to accepting these individuals as class representatives, and there is no evidence to show that BlueHippo ever agreed to accept these proposed class representatives. Indeed, on March 2, 2009, Plaintiff alleges that it submitted to BlueHippo a list of potential class members, but that BlueHippo found a "perceived deficiency" with each newly proposed class member. Regardless of Plaintiff's characterization, it is obvious that BlueHippo failed to assent to the proposed class representatives, and that agreement, therefore, was never reached on all material

3

terms of the settlement agreement Plaintiff now seeks to enforce. The Court may not fashion an agreement for the parties where no agreement on all material terms has been reached. <u>In re De-Annexation of Certain Real Property from City of Seminole</u>, 2009 OK 18, ¶ 8, 204 P.3d 87, 93-94. Therefore, because mutual assent on all material terms was clearly not reached by the parties, the Court should refuse to enforce the purported settlement agreement.

## CONCLUSION

As set forth above, the Court should conduct a *de novo* review of the Magistrate Judge's Report and Recommendation, and rule that there is no settlement agreement to enforce because the parties failed to mutually assent on all material terms.

/s/ John N. Hermes
John N. Hermes, OBA #4133
Tamara Schiffner Pullin, OBA#21462
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439

ATTORNEYS FOR DEFENDANTS BLUEHIPPO FUNDING, LLC AND BLUEHIPPO CAPITAL, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of October 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William B. Federman, Esq.
Jennifer F. Sherill, Esq.
FEDERMAN & SHERWOOD
10205 N. Pennsylvania
Oklahoma City, OK 73120
Email: wfederman@aol.com
Email: jfs@federmanlaw.com

Cornelius P. Dukelow, Esq.
ABINGTON INTELLECTUAL PROPERTY
LAW GROUP, PC
10026-A S. Mingo Rd, No. 240
Tulsa, OK 74133-5700
Email: cdukelow@abingtonlaw.com

                                                */s/ John N. Hermes*